IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re: MICHAEL TILLER and
CAROLYN TILLER                                                      Bankruptcy Petition #: 23-33770

---

**MICHAEL TILLER**
  *Plaintiff*

             *vs.*                                                  **AP NO.** (See File-Stamp)

**MAXX SPORTS TECHNOLOGIES, LTD, and**
**BARRIE HANSEN, INDIVIDUALLY**
  *Defendants.*

### COMPLAINT FOR TURNOVER AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND FOR DAMAGES

**TO THE HONORABLE BANKRUPTCY JUDGE, JEFFREY P. NORMAN:**

Michael Tiller and Carolyn Tiller file this Complaint for Turnover and Emergency Application for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and for Damages against Maxx Sports Technologies, LTD and Barrie Hansen, individually, and for good cause show the following:

### JURISDICTION

1. This Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Court has jurisdiction to consider the claims of this Application for Injunctive Relief. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (G), (K),

and (O). Plaintiff bring this Application for Injunctive Relief pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, Rule 7065 of the Federal Rules of Bankruptcy Procedure, Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105, 11 U.S.C. § 301, 11 U.S.C. § 362, 11 U.S.C. § 541, 11 U.S.C. § 542, 11 U.S.C. § 544, 11 U.S.C. § 1303, 11 U.S.C. § 1306 and 11 U.S.C. § 1322.

3. This Court has jurisdiction to consider the claims of this Application for Injunctive Relief and Complaint for Turnover and for Damages, pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(c).

**PARTIES**

4. Michael Tiller and Carolyn Tiller ("Plaintiff", "Tiller" or collectively "Tillers") are debtors in the above-stated Chapter 7 bankruptcy ("main case") and are the Plaintiff in this adversary proceeding. The Tillers filed the and entitled Chapter 7 bankruptcy pursuant to 11 U.S.C. §301 on September 29, 2023. Plaintiffs are the proper Plaintiff's to this Complaint as a result of their bankruptcy filing.

5. Maxx Sport Technologies ("Maxx Sports") was a corporation and a pre-petition judgment creditor. Maxx Sports is involuntarily forfeited by the Texas Secretary of State. See Exhibit G- Forfeiture. The claims made in this action are all post-petition actions of the Tiller's bankruptcy filing.

6. Barrie Hansen ("Mr. Hansen") is the supposed court-appointed receiver over Mr. Tiller in cause no. 2020-52379A, styled *Maxx Sports Technologies, Ltd v. Tiller, et. al.*, in the

151st District Court in Harris County, Texas.  As of filing, Mr. Hansen is not a valid receiver.

7. As of the filing of this adversary proceeding, the conduct of the Defendants is ongoing, egregious, and not historic.

## BACKGROUND FACTS

8. Following a business dispute in 2020, Maxx Sports Technologies, LTD ("Maxx Sports") initiated a breach of contract litigation against Michael Tiller in cause no. 2020-52379, styled *Maxx Sports Technologies, LTD, v. Michael Tiller*, in the 151st District Court of Harris County, Texas.  Both parties initially represented themselves *pro se*.  The business principle of Maxx Sports is married to an attorney and claims to have a J.D. and LLM, although he is not a licensed attorney.

9. Maxx Sports prevailed on a final summary judgment for approximately $56,000 against Tiller, non-suited the remainder of the claims, and severed the judgment against Tiller into cause no 2020-52379A, styled *Maxx Sports Technologies, LTD v. Texas-Angels Trust* [sic], also in the 151st District Court of Harris County, Texas.

10. The judgment creditor, Maxx Sports, was involuntarily forfeited on March 10, 2023.

11. On March 23, 2023, through Hansen's wife attorney Roberta Rossi, Maxx Sports filed an *ex parte* motion for turnover and *ex parte* temporary injunction against Tiller.  Even though Maxx Sports did not exist at the time, and Roberta Rossi was <u>not</u> the counsel of record.  Both motions were granted by the 151st District Court on April 11, 2023, apparently without

oral hearing. Despite Texas requirements for a receiver to be an unbiased third party,[1] the court appointed the plaintiff's principal, Mr. Barrie [sic] Hansen ("Hansen"), as the receiver over the Tillers. Specifically, in the order appointing receiver the court directs Hansen to file an oath, which he has still not done. Hansen cannot act as the receiver until he has properly filed an oath. The temporary injunction expired on April 25, 2023, with no permanent injunction in place.

12. On or about August 14, 2023 Hansen physically arrived at the personal residence of the Tillers, located at 11215 Harvest Dale Avenue, Houston, Texas 77065, with constabulary and a writ of turnover with receiver's levy in hand. *Things quickly went awry.* Even though he is not a valid receiver, Hansen–acting like a receiver and with apparent authority from the constable–seized protected exempt almost all the Tiller's personal property. Specifically, Hansen seized and towed away the only two personal vehicles of Tiller and his wife. Hansen further seized the Tiller's personal identifications, keychains, password books, religious writings, and personal family memorabilia. The Tillers were terrified, and immobile. He also took all their personal furniture from their home. See Exhibits M through P, for photos of the home after Hansen raided it.

13. On September 14, 2023, at the age of 70+, with no other options, immobile, bank accounts frozen, no furniture, and without their personal ID's, the Tillers had no choice but to file *pro se* for bankruptcy protection, under Chapter 7 of the Bankruptcy Code, cause no. 23-33557 (the "First Bankruptcy"). They contacted Hansen, advised him of the bankruptcy filing, and requested their belongings back, pursuant to the automatic stay. Each of their attempts were

---

[1] See *Moyer v. Moyer*, 183 S.W.3d 48 (Tex. App.-Austin 2005, no pet.): a receiver must be a citizen and qualified voter of this state at the time of appointment and not be a party, attorney or other person interested in the matter.

either ignored or refused. Worse, in the interim, Hansen or his agents have been driving the vehicles on toll roads, costing the Tillers significant penalties for failing to pay tolls. See Exhibit L- Toll Road Violations.

14. On September 21, 2023 the Tillers initially consulted with Robert Berleth of Berleth & Associates. On September 26, 2023, The Tillers retained Berleth & Associates to represent them in both the bankruptcy case and the state court cases. Payment for legal fees was made by the Tillers son, using his own personal credit card. On the same day, the undersigned counsel emailed the three listed attorneys for Maxx Sports in the state court case and the attorney registered agent, demanding return of the assets due to the bankruptcy automatic stay and for violation of the Tex. Prop. Code §42.002. Rather than cooperating and immediately returning the assets, each of the attorneys disputed that they represented Maxx Sports or Hansen in any capacity. See Exhibits H through K, Attorney's refusal to represent Maxx Sports and/or Hansen. Court documents in the 151st and the Texas Secretary of State clearly show the contrary. At no point did any of the attorneys agree or even discuss returning the seized property to the Tillers.

15. On September 27, 2023, the undersigned counsel received both an email and a phone call from Barrie Hansen, claiming that he had been in France for the past three weeks. During that phone call, Mr. Berleth directly advised Hansen that 1) the bankruptcy was filed on September 14, 2023; 2) that the call was being recorded; 3) demand had been made upon him and his counsel to return the Tiller's items; and 4) that he was in violation of the automatic stay by continuing to hold the items. See Exhibit Q for a certified transcript of the phone call between Mr. Berleth and Mr. Hansen. Mr. Hansen flatly refused, citing that he "had no problems" and

then subsequently arguing in an email that his "writ of turnover" is somehow valid against a bankruptcy automatic stay because the "final judgment [was] granted by the Harris County District Court in November 2022."

16. Since that phone call and subsequent demand email Hansen has ignored the automatic stay all together. The demand was made directly to barrie@maxxsports.tv, and has been wholly ignored. See Exhibit F. The Tillers remain without their vehicles and personal ID. Defendants Maxx Sports and Barrie Hansen are in possession of the following assets of the Tillers:

    a. 2019 Kia Sedona, VIN: KNDMA5C17K6542115

    b. 2020 Nissan Altima, VIN: 1N4BL4BV2LC112629

    c. Michael Tiller's social security card

    d. Carolyn Tiller's social security card

    e. Michael Tiller's personal key chain

    f. Carolyn Tiller's personal key chain

    g. Personal family photographs and memorabilia

    h. Religious writings and books

    i. Password books

    j. Computers, laptops, cameras, and other tools of the trade used by Michael Tillers in his profession.

    k. Personal furniture, foodstuffs, gym equipment, televisions, and personal clothing.

17. All of the property listed above is listed in the Plaintiff's schedules and is exempt from collection under the Tex. Prop. Code §42.002

18. On September 29, 2023, the court dismissed the First Bankruptcy, specifically because the Tillers had not completed their credit counseling course prior to filing bankruptcy, as required by the code. Because the Tillers had since taken their credit counseling course, and now with competent legal counsel, they were able to immediately refile the above enumerated main case (the "Second Bankruptcy") within just a few hours.

19. As of September 14, 2023, Defendant Hansen remains in possession of these items and at all times thereafter. The automatic stay was and is in full force and effect, except for a few hours on September 29, 2023 between the dismissal of the First Bankruptcy, and refiling of the Second Bankruptcy. Defendant Hansen was immediately notified of the Second Bankruptcy, and continues to ignore the automatic stay.

20. Defendant's refusal to return Plaintiff's property is resulting in extreme hardship by the Plaintiffs. They have no vehicles, no furniture, no bibles, and no computers.

21. After Plaintiff's bankruptcy filing, on several occasions, Plaintiff and his bankruptcy attorney, Robert Berleth, contacted Defendant Hansen demanding the return of Plaintiff's property. Despite repeated notice and demand, Defendants have wholly refused to return the property to Plaintiff. See Exhibits D through F, email chains demanding the assets be returned to counsel and the Defendant alike. The email notifying Defendant Hansen of the Second Bankruptcy is attached hereto as Exhibit T.

22. Additionally, Defendants have frozen the Tiller's bank accounts and have refused to release the accounts. Even from France, Hansen could have easily released the account. The Tillers gladly would have driven to whatever storage lot was needed to recover their vehicles, again, something that Defendant Hansen could have easily done from France or by email.

**TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

23. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, Plaintiff brings this Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction, under the facts and law stated above.

24. Plaintiff will suffer immediate and irreparable injury, loss, and damage as a result of the wrongful actions of Defendant if the Plaintiff's personal property is not returned or sold.

25. Plaintiff request a temporary restraining order restraining Defendants from retaining any of the exempt personal property and from selling Plaintiff's non-exempt personal property. Plaintiffs further request, after notice and a hearing, that the court issue a preliminary injunction to remain in effect during the pendency of this adversary proceeding, enjoining Defendant from selling the property.

26. Plaintiff requests that this Court order Defendants to return Plaintiff's exempt personal property as listed above and order Defendants to pay any storage fees incurred as of the day this bankruptcy case was filed.

27. Plaintiff requests that this Court order Defendants to release his bank accounts.

28. Plaintiff further requests that the injunctive relief granted in the preliminary injunction be made permanent at the conclusion of this adversary proceeding.

29. It is necessary that the request for a temporary restraining order be heard on an emergency basis, in that Defendants' further attempts to secret or sell Plaintiff's personal property could jeopardize Plaintiff's Chapter 7 bankruptcy and deeply impacts their daily lives.

## TURNOVER

30. Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 542, Plaintiff brings to Motion to recover personal property pursuant to the reasoning, facts and law stated herein.

31. Plaintiff is being harmed by not having possession of his personal property in that, among other things, he needs the 2018 Kia Sedona, which is his wife's primary vehicle, his 2020 Nissan Altima which is his primary vehicle, and their personal identification cards.

## AUTOMATIC STAY VIOLATIONS

32. The Background Facts stated above are re-alleged in support of this cause of action for willful and/or intentional violation of the automatic stay.

33. The filing of the bankruptcy case constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or conduct of Defendant violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), and/or (6) for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

34. A willful violation of the automatic stay requires knowledge of the stay and an intentional act, not an intent to violate the automatic stay. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful." *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005); *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008); and, *Campbell v. Countrywide Home Loans*, 545 F.3d 348, 355 (5th Cir. 2008). The facts support a finding that Defendants had knowledge of the bankruptcy orders and that each intended all acts. Furthermore, the actions sought by Mr. Hansen demonstrate that the Defendants were aware of

the automatic stay—<u>and specifically sought to ignore it.</u>

35. The facts describe Defendant's actions as direct collection attempts against the Tillers *in personam*, and in direct willful violation of the automatic stay.

36. The willful violation of the automatic stay is compensable as a private right of action pursuant to 11 U.S.C. § 362(k)(1). *In re Labuzan*, 579 F.3d 533, 538 (5th Cir. 2009).

## INJUNCTIVE RELIEF SOUGHT

37. The Background Facts stated above are re-alleged in support of this potential cause of action for enforcement of or entry of any additional orders and/or injunctions. These may include, but not limited to:

   a. Pursuant to 11 U.S.C. § 105 "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997)."

   b. Pursuant to 28 U.S.C. § 2201 the bankruptcy court may declare the rights and other legal relations of any interested party seeking such declaration, and/or,

   c. Pursuant to 11 U.S.C. § 105 the bankruptcy court may issue any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future.

## DAMAGES REQUESTED

38. The Background Facts stated above are re-alleged in support of entry of an award of each category of actual damages, punitive damages and interest.

39. An award of actual damages is required to cover the value of any loss to the Plaintiffs including, but not limited to;

   a. Any out-of-pocket expenses or cost that are related to Defendant's acts of which the Plaintiff now complains;

   b. The personal time of the Plaintiff's in participating and cooperating in this adversary proceeding through trial and any appeal;

   c. Any manifested, psychosomatic physical symptoms suffered by Plaintiffs as described in the Factual Background above;

   d. The attorneys' fees, costs and expenses incurred by the Plaintiffs, if any, in representing the subject matter of this adversary proceeding.

40. Pursuant to the requisite stated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and other similar decisions, an award of punitive damages is warranted for the following reasons:

   a. With the knowledge of the Tiller's bankruptcy case, Maxx Sports and Mr. Hansen each received fair notice of the possibility of an award of punitive damages for violating the automatic stay;

   b. As evidenced by the main case, the financial vulnerability of the Tillers is evident.

   c. The harm or injury inflicted on the Tillers is more than economic in nature.

   d. But for the conduct and actions of Mr. Hansen with his cohorts, the fresh start of the Tillers was imperiled.

   e. The injury in this case is hard to detect; and/or the monetary value of

noneconomic harm is difficult to determine.

41. Any award of damages should contain an award of pre-judgment and post-judgment interest pursuant to the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

42. Upon discovery the adversary complaint may need to be amended to include the officers and directors of Maxx Sports as party defendants or other responsible parties herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Michael Tiller and Carolyn Tiller that the Court will:

43. Find that the Defendant's each willfully and/or intentionally violated one or more of the automatic stay provisions against Plaintiffs, and/or to their detriment;

44. Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, issuing any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code; and/or, declare the rights and other legal relations of any interested party seeking such declaration;

45. Sanction or award damages against each Defendant jointly and severally for all financial and non-financial harm or injury incurred as categorized in the adversary complaint, above;

46. Award pre-judgment interest and post-judgment interest;

47. Allow an opportunity for Plaintiff to amend the adversary complaint to add party defendants upon discovery of all of the officers and directors of Maxx Sports or other responsible third parties; and,

48. Grant any and all other relief in equity or in law to which the Plaintiffs may be entitled.

Dated: September 29, 2023	Respectfully submitted by:

*/s/ Robert W. Berleth*

**BERLETH & ASSOCIATES**
Robert W. Berleth
Texas Bar # 24091860
SDOT #: 3062288
rberleth@berlethlaw.com
Mary K. Scherzer
Texas Bar #: 24060564
mscherzer@berlethlaw.com
9950 Cypresswood, Ste. 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
Fax: 713-481-0894

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing adversary Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

MAXX SPORTS TECHNOLOGIES, LTD
Registered Agent: The Oggero Law Firm
7606 Pagewood Lane     via summons
Houston, TX 77063-77063 USA     DEFENDANT

BARRIE HANSEN
50 Lyric Arbor Cir     via summons
Spring, TX 77381-6642     DEFENDANT

JONES MURRAY, LLP
Christopher R Murray
602 Sawyer St
Ste 400     via CM,RRR
Houston, TX 77007     CHAPTER 7 TRUSTEE

US Trustee
515 Rusk Ave
Ste 3516     via CM,RRR
Houston, TX 77002     U.S. TRUSTEE

Dated: September 29, 2023     Respectfully submitted by:

*/s/ Robert W. Berleth/*

**BERLETH & ASSOCIATES**
Robert W. Berleth
Texas Bar # 24091860
SDOT #: 3062288
rberleth@berlethlaw.com
Mary K. Scherzer
Texas Bar #: 24060564
mscherzer@berlethlaw.com
9950 Cypresswood, Ste. 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
Fax: 713-481-0894

ATTORNEYS FOR PLAINTIFF