IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-33770 |
| MICHAEL LYNN TILLER | § | |
| AND CAROLYN LOUISE TILLER, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| MICHAEL LYNN TILLER | § | |
| AND CAROLYN LOUISE TILLER, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3217 |
| | § | |
| MAXX SPORTS TECHNOLOGIES, LTD | § | |
| AND BARRIE HANSEN, | § | |
| | § | |
| Defendants. | § | |

## TEMPORARY INJUNCTION

A hearing was held on October 30, 2023, and evidence was introduced. For the reasons stated on the record, which are partially set forth herein, the Court enters a Temporary Injunction without bond and any cash bond issued by the plaintiffs on the Temporary Restraining Order is hereby released to the plaintiffs (See ECF entry 10/5/2023). The plaintiffs seek turnover of assets seized pre-petition by the defendants by injunction.

The plaintiffs, the debtors' herein, and the defendants have been involved in contentious state court litigation.[1] The defendants are now judgment creditors of the debtors and other parties. There is an interlocutory non-appealable judgment issued by the state court,[2] which includes both a monetary judgment and a transfer of assets from the plaintiffs to the defendants. Pursuant to that judgment, the defendants forceable seized assets including assets they now claim to own. The exact nature of those assets and their ownership is highly disputed.[3] The Court, based on the evidence, reserves the issue of ownership of the personal property for trial or independent action by the Chapter 7 Trustee. As stated at the hearing, the disputed assets belong to the defendants by state court order, to the debtors by a possible claim of exemptions in their Chapter 7 Bankruptcy or to the Chapter 7 Trustee who has the right to liquidate them for the benefit of the estate. However, ownership of these assets should be determined after discovery and the filing of dispositive motions. The Court, from the evidence presented at the temporary injunction hearing could not determine ownership of the personal property except as to the debtors' vehicles.

The disputed assets are not currently listed in the debtors' bankruptcy schedules except for two motor vehicles. The debtors have failed to itemize their personal property and even reading the bankruptcy schedules generously they have failed to list the property in the schedules they sought to be turned over to

---

[1] Cause No. 20-52379, 151st District Court of Harris County, Texas.
[2] Amended Order on Motion for Partial Summary Judgment dated May 2, 2022, and Order on Plaintiff's Motion for Final Summary Judgment Against All Defendants dated November 11, 2022.
[3] The defendants have filed a list of seized assets in the main bankruptcy case (ECF 22-1, pages 7 and 8). The parties agree that these assets were seized, however, the plaintiff claims that other assets that are not listed were also seized, which is disputed by the defendants.

them.  The Court **ORDERS** the debtor to amend their filed property schedules to itemize their personal property including all omitted assets within 14 days.

The Court, except for the motor vehicle listed below, declines to order turnover of the personal property seized by the defendants and finds that the debtors as to these assets (1) failed in their burden of proof as to ownership and are (2) estopped from claiming ownership based on the bankruptcy schedules that fail to list the property or claim it as exempt property.[4]

However, on the evidence presented to the Court, it holds that the two motor vehicles seized by the defendants, the 2019 Kia Sedona and the 2020 Nissan Altima were titled in the name of the debtors at the time of the bankruptcy filing.[5]  Turnover to the debtors pursuant to 11 U.S.C. § 542 is appropriate.  While the automobiles are not claimed as exempt, they are clearly exempt under either a Federal or State exemption scheme which the debtors may choose in a future amendment to Schedule C.

The evidence showed that the 2019 Kia Sedona was repossessed by Ally Financial after it was seized by the defendants, turnover is therefore not ordered as to this vehicle.  As to the 2020 Nissan Altima, the Court **ORDERS** the immediate turnover of the vehicle to the plaintiffs by the defendants.

As to the balance of the assets seized by the defendants, the Court enters a Temporary Injunction requiring the defendants to safely store and make available for inspection to the Chapter 7 Trustee any other assets seized by the defendants other than the two automobiles at the current storage location of 3500 Elgin St., Houston, Texas 77004.  The defendants may not use, move, transfer, sell, damage, or impair the use of the subject personal property until further order of the Court.  Said injunction to maintain the status quo and it shall remain in place until trial or further order of this Court.  It is further,

**ORDERED** that any cash bond issued by the plaintiffs on the Temporary Restraining Order shall be hereby released to the plaintiffs by the Clerk of the Court.

**SO ORDERED.**

SIGNED 10/30/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[4] ECF No. 12, Schedules A, B and C.
[5] The 2019 Kia Sedona was titled in the name of Carolyn Tiller with a lien to Ally Financial and the 2020 Nissan Altima was titled to Michael Lynn Tiller with a lien to Santander Consumer (ECF 11-18 and 11-19).