IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 7 | |
| § | | |
| MICHAEL LYNN TILLER and § | | |
| CAROLYN LOUISE TILLER § | Case No. 23-33770 | |

| | | |
|---|---|---|
| MICHAEL LYNN TILLER § | | |
|    *Plaintiff,* § | | |
| § | | |
| V. § | Adv. Proc. No. 23-03217 | |
| § | | |
| MAXX SPORTS TECHNOLOGIES, § | | |
| LTD. and BARRIE HANSEN, § | | |
| Individually §§ | | |
|    *Defendants.* § | | |

**MAXX SPORTS TECHNOLOGIES, LTD. AND BARRIE HANSEN'S
AMENDED ANSWER**

TO THE HONORABLE BANKRUPTCY JUDGE, JEFFREY P. NORMAN.

Defendants, Maxx Sports Technologies, Ltd ("Maxx") and Barrie Hansen ("Hansen" and sometimes together with Maxx, the "Defendants"), file this Amended Answer[1] ("Amended Answer") to Complaint For Turnover And Emergency Application For Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and For Damages (the "Complaint").

The Defendants have complied with the Order of this Honorable Bankruptcy Court and did return the 2020 Nissan Altima to agents of the Plaintiffs' attorney. All other property taken on August 14, 2023, is securely kept in a storage area that is under lock and key with no access except as directed by a court of competent jurisdiction.

The following is a statement in response to the Complaint:

1. (para. 1) Plaintiffs' averment that "the Federal Bankruptcy Court has jurisdiction

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1)(2), Defendants obtained Plaintiff's consent to file this Amended Answer by phone conference on February 6, 2024.

over this adversary proceeding" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied

2. (para. 2) Plaintiffs' averment that "the Federal Bankruptcy Court has jurisdiction over property awarded by the state court" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

3. (para. 3) Plaintiffs' averment of "the jurisdiction of the Federal Bankruptcy Court in respect of disputed state property" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

4. (para. 4) Admitted in part and denied in part. Plaintiffs' averment that the "Tillers are entitled to Chapter 7 protection" is a conclusion of law, to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

5. (par. 5) Admitted in part and denied in part. Maxx Sports Technologies, Ltd. is currently in good standing.

6. (para. 6) Plaintiff's averment that Mr. Hansen is a "supposed court-appointed receiver" is both inflammatory and is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

7. (para. 7) Denied

8. (para. 8) Denied.

9. (para. 9) Admitted in part and denied in part. The Final Judgment is for the TSRN Sports companies as well as the TSRN Sports equipment, computers, software, and intellectual property. The judgment is joint and several and includes $55,817.50 in attorney's fees, as well as interest at a rate of 5.5% per annum, and ongoing collection costs.

10. (para 10) Denied.

11. (para. 11) Admitted in part and denied in part. Plaintiffs' averment of "wrongful actions by legal counsel" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

12. (para. 12) Admitted in part and denied in part. It is admitted that two of the three vehicles at 11215 Harvest Dale Houston Texas were seized. It is denied that any other personal property was taken. In fact, when personal items were noted by Carolyn Tiller or Christopher Tiller they were returned.

13. (para. 13) Denied.

14. (para. 14) Plaintiffs' averment is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

15. (para. 15) Admitted in part and denied in part. It is admitted that Mr. Hansen phoned Mr. Berleth from France (the country). The balance of Plaintiff's averments are legal conclusions to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

16. (para. 16) Admitted in part and denied in part. The Defendants do not have personal property. The Kia Sedona was seized by Ally Financial, and the Nissan Altima was given to agents of the Plaintiffs attorney. At the hearing of October 30, 2023, Mr. Tiller under oath claimed "the ministry" gave him and his wife 2 replacement cars... not one but two cars.

17. (para. 17) Plaintiff's averment is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

18. (para. 18) Admitted.

19. (para. 19) Plaintiffs' averment of "a violation of the automatic stay" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

20. (para. 20) Denied. During the sworn testimony of Mr. Tiller on October 30, 2023, he stated that they had purchased $31 thousand of new equipment and that they changed the passwords on business bank accounts, preventing the Creditor from collecting any of the monies it is owed, which includes all TSRN Sports revenue from February 2019. It should further be noted that no personal furniture was taken from 11215 Harvest Dale.

21. (para 21) Admitted in part and denied in part. It is admitted that Mr. Berleth has repeatedly threatened Mr. Hansen, but Mr. Berleth is asserting a legal right in respect of a pre-petition matter, that requires a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

22. (para. 22). Denied. This assertion of fact in respect of frozen bank accounts is the opposite of what was stated by Mr. Tiller under oath at the October 30, 2023 hearing. It should be noted that Mr. Hansen returned from a vacation in France early to attend a putative "emergency hearing."

23. (para. 23) Plaintiffs' averment is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

24. (para. 24) Plaintiff's averment of "wrongful actions of Defendant" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

25. (para. 25) Plaintiff's averment of "exempt property" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

26. (para. 26) Plaintiff's averment is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

27. (para. 27) Denied. Defendant does not control any of Plaintiffs bank accounts. It was admitted by Mr. Michael Tiller under oath during the hearing of October 30, 2023, that he did

change the passwords of the business accounts to avoid any monies owing to Maxx pursuant to the Harris County District Court Order being taken by Maxx.

28. (para. 28) Plaintiffs' averment of "exempt property" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

29. (para. 29) Plaintiffs' averment is a "request for a legal remedy," and not an allegation, and is, therefore, a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

30. (para. 30) Plaintiffs' averment of "personal property" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

31. (para. 31) Plaintiffs averment of "personal property" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

32. (para. 32) Plaintiffs' averment of "an intentional violation of the automatic stay" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

33. (para 33) Except as admitted in the sworn testimony of Mr. Hansen in the October 30, 2023 hearing, Plaintiffs' averment of "violation of the automatic stay" is a legal conclusion to which no response is necessary, to the extent a response is deemed necessary, the averment is denied.

34. 34, (para. 34) Plaintiff's averment of a "willful and/or intentional violation of the automatic stay" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied. The Defendant, Mr. Hansen was in France (the country) on vacation, at the time the automatic stay was issued and was therefore unaware of the automatic stay.

35. (para. 35) Plaintiffs' averment of an "automatic stay" that applies to a pre-petition action of the state court, calls for a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

36. (para. 36) Plaintiffs' averment is the same legal conclusion of a violation of the "automatic stay", as set out above, to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

37. (para. 37) Plaintiff's averment is the third restatement of a legal conclusion, as set out above, to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

38. (para. 38) Plaintiffs' averment of an "automatic stay applied to a pre-petition action" is the fourth legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

39. (para. 39) Plaintiffs' averment of a "breach of the orders of this court" is a legal conclusion to which no response is necessary; except as admitted by Mr. Hansen in the October 30, 2023 hearing, to the extent a response is deemed necessary, the averment is denied.

40. (para. 40) Plaintiff's averment of "punitive damages" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

41. (para. 41) Plaintiff's averment of "Plaintiffs' loss" is a legal conclusion to which no response is necessary, to the extent a response is necessary, the averment is denied.

42. (para. 42.) Plaintiffs' averment of 'financial vulnerability' and "intentional injury" of Plaintiff is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

43. (para. 43) Plaintiffs' averment of "a right to pre-judgment and post-judgment interest" is a legal conclusion to which no response is necessary; to the extent a response is deemed necessary, the averment is denied.

## FACTUAL BACKGROUND

44. On or about May 4, 2022, the Harris County District Court granted a Partial Summary Judgment in favor of Maxx, and against Michael Tiller (aka, Lynn Michaels, both personally and as Trustee for Texas-Angels Trust), Carolyn Tiller, Christopher Tiller, and the Texas-Angels Trust. The Judgment included the award to Maxx of the companies, Texas Sports Network Inc. and TSRN Sports, LLC (collectively, the "TSRN Sports business") along with all revenue from the TSRN Sports business, from February 2019, as well as all TSRN Sports equipment, computers, software, intellectual property, the website, customers (sports teams), and viewers (users/viewers).

45. On or about November 11, 2022, the Harris County District Court granted a Final Judgment in favor of Maxx, and against Michael Tiller (aka Lynn Michaels), Carolyn Tiller, Christopher Tiller, and the Texas-Angels Trust. The Final Judgment awarded all property set out above and also awarded $55,817.50 in attorney's fees, as well as post- judgment interest. The judgment is joint and several and includes ongoing costs of recovery, which to date is more than $50 thousand.

46. This Judgment was not appealed and became final and unappealable on or about December 12, 2022.

47. On or about February 15, 2023, an Order of Possession was granted in favor of Maxx and against Michael Tiller, Carolyn Tiller, Christopher Tiller, and the Texas-Angels Trust, giving Maxx title to the company, Texas Sports Network Inc, TSRN Sports, LLC along with all

7

computers, equipment, software, bank accounts, intellectual property, including both sports teams (i.e., content makers) and viewers (i.e., customers/viewers).

48. On or about April 11, 2023 the Harris County Court issued a Temporary Injunction in favor of Maxx and against Michael Tiller, Carolyn Tiller, Christopher Tiller and the Texas-Angels Trust. The findings of the Harris County Court expressly prohibit the Complainant from using www.tsbnsports.com because it is "deceptively similar" to www.tsrnsports.com along with all "Property" granted to Maxx. The most important fact is that Michael Tiller, Carolyn Tiller, and Christopher Tiller, one day after the company website and software were turned over to Maxx, began operations with an exact copy of the website and software broadcasting the exact same sports content with the exact same users/viewers, under the deceptively similar name, "Texas Sports Broadcast Network, (dba, TSBN Sports), www.tsbnsports.com. Mr. Michael Tiller under oath before this Honorable Court on October 30, 2023, stated that a new company, TSBN Sports, LLC, was formed in Texas in or about February of 2022. He further swore this company is owned by Mr. DeBeers and he is only a consultant to the company.

49. On or about April 11, 2023, in conjunction with the Temporary Injunction listed above, the Harris County Court, granted an *ex parte* Turnover Order in favor of Maxx.

50. On or about April 11, 2023, in conjunction with the Turnover Order listed above, the Harris County District Court issued a Writ of Execution for Turnover.

51. On or about July 26, 2023, the Turnover Writ & Order/s was extended by Order of the Harris County District Court.

52. On or about August 14, 2023, Hansen, acting on the Order of the Harris County District Court, accompanied the Harris County Writ Enforcement Office (7 officers & deputies) entered 11215 Harvest Dale, Houston Texas, and did take possession of the property of Texas

Sports Network, Inc, and TSRN Sports, LLC (dba, TSRN Sports), namely computers, broadcast equipment, software, bank records, and office equipment.

53. On or about August 14, 2023, the Turnover Order, and the Temporary Injunction of the Harris County District Court were served on Michael Tiller (both individually and as Trustee of the Texas-Angels Trust), Carolyn Tiller, and Christopher Tiller.

54. On October 30, 2023, under oath, Mr. Michael Tiller (aka Lynn Michaels) testified that he/they changed the passwords on business bank accounts after the seizure of property awarded by the Harris County District Court on August 14, 2023. These business bank accounts were expressly awarded to Maxx by the Harris County District Court. Mr. Tiller swore that he had never filed income tax because he has never had income. Mr. Tiller swore that the Texas-Angels Trust has never filed income tax and his company has never filed income tax. Mr. Tiller further swore that "the Ministry" gave him and his wife 2 new cars, and that his 41-year-old son who lives with him and his wife, was able to purchase $31,000 of new broadcast equipment with credit cards. Mr. Tiller swore that someone whom he named as "Mr. DeBeers" has owned and operated TSBN Sports, LLC (www.tsbnsports.com), where he works as a consultant, since about February of 2022.

## **THE LAW**

55. ROOKER-FELDMAN DOCTRINE: The Complainant may not litigate matters in the Federal Court that have been finalized by the State Court. Except in narrow circumstances, the Rooker-Feldman Doctrine prevents lower federal courts from hearing direct appeals of state court decisions, a right that is reserved to the US Supreme Court, pursuant to *28 U.S.C.* §1257. The Complainant is endeavoring in this Honorable Federal Bankruptcy Court to unwind the final and unappealable Judgment and Orders of the Harris County District Court.

56. PRE-PETITION MATTERS: All matters the Complainant complains of are

matters that occurred on or before August 14, 2023, and are therefore prior to the Complainant filing for bankruptcy on September 14, 2023, (which was dismissed by the Court) or before the bankruptcy filing on September 29, 2023.

57.     CONTROL OF PROPERTY OF THE BANKRUPT ESTATE: Pursuant to *City of Chicago v. Fulton*, 141 S. Ct. 585, 208 L. Ed. 2d 384 (2021), failure to return a vehicle seized prior to the bankruptcy petition does not violate section 362(a)(3) of the Bankruptcy Code. Even if the property at issue was deemed by a court of competent jurisdiction to be covered by the automatic stay, the Defendants are permitted to hold the property without violating the automatic stay.

58.     PROPERTY INTERESTS DETERMINED BY STATE LAW: Pursuant to *Butnerv United States*, 440 U.S. 48, 55, 99 S. t. 914, 918 L. Ed. 2d 136, 141-42 ( 1979 ), unless a particular Federal interest requires a different result, property interests are created and defined by state law, therefore the matters that the Complainant complains of are not within the purview of this Honorable Federal Bankruptcy Court, and any questions or disputes about the title to property ought to be determined by the state court, namely the 151st Judicial District, of the Harris County Court of the State of Texas who granted the Final Judgment and Orders in favor of Maxx and Hansen.

59.     FORFEITURE: Maxx Sports Technologies, Ltd. is in good standing with the State of Texas. It is admitted that one annual filing was missed by the parent company's accounting staff, but this accounting oversight was remedied.

## AFFIRMATIVE DEFENSES

60.     Defendants plead the defense of derivative judicial immunity.

61.     Defendants plead the doctrine of res judicata.

62.     Defendants plead the doctrine of promissory and equitable estoppel.

63.     Defendants plead the defense of collateral attack.

64. Defendants plead the defense of waiver.

65. Defendants plead the defense of substantial compliance.

66. Defendants plead the defense of offset.

67. Defendants plead that the Tillers' claims are barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

Maxx and Hansen respectfully request that this Honorable Federal Bankruptcy Court dismiss the Complaint and that Costs be awarded to the Defendants. This Honorable Court may wish to consider sanctioning the Complainant insofar as this Complaint has little or no merit under the law.

Further, the Defendants respectfully request the Complainant direct all Property matters to the Harris County District Court.

> Respectfully submitted,
>
> COKINOS | YOUNG
>
> By: */s/ Reagan H. "Tres" Gibbs, III*
> Craig E. Power
> State Bar No. 16210500
> cpower@cokinoslaw.com
> Reagan H. "Tres" Gibbs, III
> State Bar No: 24083068
> tgibbs@cokinoslaw.com
> 1221 Lamar Street, 16th Floor
> Houston, Texas 77010-3039
> Tel.: (713) 535-5500
> Fax: (713) 535-5533
>
> *Counsel for Maxx Sports Technologies, Ltd. and Barrie Hansen*

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 7, 2024, a true and correct copy of the foregoing was served via ECF to all parties entitled to receive notice and by email to the following counsel of record:

    rberleth@berlethlaw.com
    Robert W. Berleth
    Berleth & Associates
    9950 Cypresswood Dr., Suite 200
    Houston, Texas 77070

                                      */s/ Reagan H. "Tres" Gibbs, III*
                                      Reagan H. "Tres" Gibbs, III