United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 08, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-33770 |
| MICHAEL LYNN TILLER | § | |
| CAROLYN LOUISE TILLER, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| MICHAEL LYNN TILLER AND | § | |
| CAROLYN LOUISE TILLER, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3217 |
| | § | |
| MAXX SPORTS TECHNOLOGIES, LTD | § | |
| AND BARRIE HANSEN, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Partial Summary Judgment (ECF No. 44) filed by the plaintiffs. On January 11, 2024, this Court entered an order (ECF No. 45) setting this matter for hearing. In that order, the Court required the movant to serve notice of the hearing and response deadline on all creditors and parties in interest within 24 hours. The movant failed to serve the required notice until the Response at ECF No. 48 pointed out the lack of notice. The Court therefore denies the motion for insufficient service. The Court also denies the motion for partial summary judgment on a substantive basis as follows.

## OBJECTIONS

Objections to Plaintiffs' Exhibits 3 and 4 to the Motion for Summary Judgment are sustained.

## ISSUE

The plaintiffs are moving for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure ("FRBP") 7056, establishing there is not a genuine dispute about whether Barrie Hansen was a receiver and thereby entitling Mr. Hansen to judicial immunity as a defense.

## JURISDICTION

The motion for summary judgment stems from a proceeding for injunctive relief, to turn over property of the estate and violation of the automatic stay. The court has jurisdiction over this

adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and the standing order of reference from the District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2). The bankruptcy court has the power to enter a final judgment in this adversary proceeding, subject to traditional rights of appeal. This adversary proceeding arises under bankruptcy case number 23-33770 (the "Main Case") pending in this District, and venue is proper pursuant to 28 U.S.C. § 1409.

## STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is not material unless it "might affect the outcome of the suit under the governing law."[2] When no reasonable trier of fact could return a verdict for the non-moving party, no genuine issue exists for trial. However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party.[3]

## ANALYSIS

The plaintiffs assert that Barrie Hansen did not qualify as a "court appointed receiver" and therefore should not be entitled to use the defense of immunity from liability in trial of this case. In support of this assertion, they argue that Mr. Hansen failed to file the proper oath with the court that appointed him as a receiver.

In response, the defendants attached an affidavit of Barrie Hansen attesting to the facts that after he received the turnover order that appointed him as receiver,[4] he filed the required bond and signed the required oath. He also states that after he discovered his attorney did not file the oath, he filed it.[5] Accordingly, the Court finds that there is a fact issue whether or not Barrie Hansen qualified as a court appointed receiver and summary judgment is denied on this issue.

**THEREFORE, IT IS ORDERED** that the Motion for Partial Summary Judgment is denied.

SIGNED 02/08/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097–98 (6th Cir. 1994).
[4] ECF No. 48-3
[5] ECF Nos. 44-1 and 48-5. The parties both attached a copy of the turnover order.