ROBERT W. BERLETH
BERLETH & ASSOCIATES
9950 Cypresswood Dr., Ste. 200
Houston, Texas  77070
Telephone:  (713) 588-6900
Facsimile:  (713) 481-0894
rberleth@berlethlaw.com

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re:  MICHAEL TILLER and CAROLYN TILLER | § § § | Bankruptcy Petition # 23-33770 Chpt. 7 |

| | | |
|---|---|---|
| MICHAEL TILLER<br>  *Plaintiff,*<br><br>v.<br><br>MAXX SPORTS TECHNOLOGIES, LTD, and BARRIE HANSEN, Individually<br>  *Defendants.* | § § § § § § § § § § | Adversary Proceeding No. 23-3217 |

**RESPONSE IN OPPOSITION OF DEFENDANT'S THIRD MOTION TO DISMISS**

**TO THE HONORABLE JEFFERY P. NORMAN:**

  Comes now, Michael Tiller and Carolyn Tiller ("Tillers", "Debtors" or "Plaintiffs"), and files Reply in Opposition to Defendants' Third Motion to Dismiss against Defendants Barrie Hansen and Maxx Sports Technologies, Inc. ("Hansen", "Maxx Sports", or "Defendants") and for good cause shows the following:

**PRELIMINARY STATEMENT**

  This is the third Motion to Dismiss filed by the Defendants in this litigation, and merely regurgitates the same edict. In twenty-one pages of legal writing, the Defendant did not once

mention the word "Receiver." Rather, the motion consists of *ad hominem* attacks on the Plaintiff, while completely disregarding Mr. Hansen's own malfeasance. This Motion is nothing more than an attempt to avoid punishment for multiple automatic stay violations that are fully discussed in in the Original Complaint. *See* DCF 1. Hansen discusses *ad nauseum* that Tiller believes he is a sovereign citizen. However, even if Tiller did once believe the sovereign citizen mantra, he was completely dispelled of that notion before representation began. Hansen and Maxx Sports clearly violated and continue to violate the automatic stay. Plaintiffs did not file their adversary proceeding petition in bad faith, and the Motion to Dismiss should be denied.

## JURISDICTION & VENUE

1. This Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. § § 1408 and 1409(a).

2. The Court has jurisdiction to consider the Motion to Dismiss. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (G), (K), and (O).

## STATEMENT OF FACTS

3. It is undisputed the Plaintiffs and Defendants have been involved in a contentious litigation for years and do not like each other. Hansen, with his significant financial and legal resources obtained a summary judgment against the Tillers as *pro se* Defendants in state court. Regardless, the Tillers have a right to bankruptcy protection, and especially protection from overzealous collections. The debt is a straightforward breach of contract and Hansen and Maxx Sports are unsecured creditors in the bankruptcy.

4. Following a business dispute in 2020, Maxx Sports Technologies, LTD ("Maxx Sports") initiated a breach of contract litigation against Michael Tiller in cause no. 2020-52379,

styled *Maxx Sports Technologies, LTD, v. Michael Tiller*, in the 151st District Court of Harris County, Texas.  The Tillers represented themselves *pro se*.  The business principle of Maxx Sports, Mr. Hansen, is married to an attorney and claims to have a J.D. and LLM, although he is not a licensed attorney in any known jurisdiction.

5. Maxx Sports prevailed on a final summary judgment for approximately $56,000 against Tiller, non-suited the remainder of the claims, and severed the judgment against Tiller into cause no 2020-52379A, styled *Maxx Sports Technologies, LTD v. Texas-Angels Trust* [sic], also in the 151st District Court of Harris County, Texas.

6. On March 23, 2023, through Hansen's wife, attorney Roberta Rossi, Maxx Sports filed an *ex parte* motion for turnover and *ex parte* temporary injunction against Tiller—even though Maxx Sports did not exist at the time, and Roberta Rossi was not the counsel of record. Both motions were granted by the 151st District Court on April 11, 2023, apparently without oral hearing.  Despite Texas requirements for a receiver to be an unbiased third party[1], the court appointed the plaintiff's principal, Mr. Barrie [sic] Hansen ("Mr. Hansen"), as the receiver over the Tillers.  The Tillers had no way of complying with an order they **did not know about.**

7. The state court directly modified the proposed order and added language requiring to the bottom of the Order Appointing Receiver requiring Mr. Hansen to file an oath with the Harris County District Clerk.[2]  The language added at the bottom of the Order Appointing Receiver is clear and direct.  Hansen "**may only commence his office upon execution of the oath** and posting of a good and sufficient $100 bond with the Harris County District Clerk."   In response to the Plaintiff's Motion for Summary Judgment, Barrie Hansen filed his oath on February 7, 2024.

---

[1] *See, Moyer v. Moyer*, 183 S.W.3d 48 (Tex. App.-Austin 2005, no pet.): a receiver must be a citizen and qualified voter of this state at the time of appointment and not be a party, attorney or other person interested in the matter.
[2] Exhibit 1: Order Appointing Receiver

## **LEGAL STANDARD**

8.      The automatic stay continues in effect until either the bankruptcy court enters a discharge order or order terminating or modifying the automatic stay. If a creditor "willfully" violates the automatic stay and this violation injures an individual, the law requires the creditor to pay the individual actual damages, including costs and attorney fees, and may be required to pay punitive damages to punish this violation of the Bankruptcy Code. See 11 U.S.C. § 362(k). Here, "willful" means that the creditor's conduct is deliberate and intentional (the creditor need not have intended to violate the law, instead there must be evidence that it intended the act violating the stay). Most creditors are aware of the automatic stay and what can happen if they violate it and thus take care to stop collection activity once they are aware an individual has filed for bankruptcy protection. A Debtor's personal political views are irrelevant to the legal standard for an automatic stay violation.

## **ARGUMENT**

### **Plaintiffs have fully satisfied Bankruptcy Code § 521(E)(2)**

9.      Prior to seeking the counsel of the undersigned, Tiller may have had alternative interpretations of the US Constitution and the judicial authority of the United States of America. During the initial consult with counsel, being a "sovereign citizen" was clearly and fully discussed, and regardless of any previous notions Mr. Tiller may have had, they were absolutely abandoned as a condition of representation. The Defendant's motion discusses *ad nauseum* that Plaintiff believes that he is a sovereign citizen. However, Plaintiff was dispelled of that notion and the wisdom of proceeding *pro se* before representation began, and stated such on the record. See Tr.

58:24–59:7.³  Plaintiffs do not believe or identify as sovereign citizens, and no longer represent themselves *pro se.*

10. Since filing for bankruptcy protection, the Plaintiffs have completed and filed tax returns for the last two years, and have provided the filed returns to both the chapter 7 trustee and the Defendant.  The Tillers are in the process of filing the previous ten years tax returns, even though several years income levels do not require a filing.

### Plaintiffs Filed for Bankruptcy in Good Faith.

11. Plaintiffs did not file their Bankruptcy petition to avoid collection activities from a single creditor.  Rather, Plaintiffs filed for bankruptcy protection due to their overwhelming debt, only part of which was to Maxx Sports.  Defendants Motion is merely a continuation of personal character attacks on Plaintiff, rather than addressing the several and serious issues before the court in the adversarial proceeding.

12. The claims register clearly shows this is not a two-party bankruptcy, nor does the adversarial proceeding complaint attack the underlying state court judgment.  To date, at least 13 separate creditors have appeared in the bankruptcy.  The Plaintiffs merely seek bankruptcy protection—which includes the right to bring an adversary proceeding for violation of the automatic stay.

### The Motion to Dismiss is merely a character attack on the Plaintiff.

13. This Motion is a continuation of character attacks on Plaintiffs. This is the third Motion to Dismiss filed by the Defendant in this adversary preceding. In over twenty-one pages, the Defendant did not once mention the word "Receiver", nor does it discuss Mr. Hansen's transgressions against this court's automatic stay and Temporary Injunction.

---

³ Citations to the hearing transcript ("Tr.") refer to the volume for the October 30, 2023 evidentiary hearing (the "Hearing") before this Court.

**CONCLUSION**

14. As presented during the temporary injunction hearing, Michael and Carolyn Tiller have run a simple and straightforward business for nearly 35 years in the Houston area. Michael has been broadcasting high school and lower college athletic teams for the majority of his adult life. Save for the past few years involving Hansen and the subsequent state court litigation, the Tillers had an overall positive reputation and business model in the local sports community. As a personal hobby, Michael Tiller maintained a large computer database regarding statistics of local athletes and teams. Once Hansen entered their lives, they became embroiled in complex corporate structures, trusts, lawsuits, publicly traded corporations, and stock options. They want none of it. Michael Tiller simply wants to announce baseball games without fear of Hansen raiding his home in the back of his mind.

15. The Tiller's complaint clearly lists bankruptcy code and procedures, both followed and violated. It spells out the background facts and transgressions by Hansen. It lists the damages incurred, and asks for injunctive relief. Each of these remedies are capable of being awarded by this court, and the claims against Hansen are ratified in part by the Court's sustainment of the Temporary Injunction (ECF 21). The complaint is clear and straightforward; the claims against Hanson are easily determined. Mr. Tiller's personal political opinions are not on trial; Hansen's actions as not-a-receiver are directly discussed and undisputably in violation of the automatic stay.

16. In the case at hand, the defendant not only took computers and cameras that were owned by the Tillers for decades, but also took clearly exempt property from the Tiller's personal residence (e.g. personal computer data, religious writings, and Ms. Tiller's globe collection). Since then, Hansen has used the exempt property by driving the Tiller's personal vehicles nearly 8,000 miles—in direct violation of the temporary injunction entered by this court on October 30th, 2023

(ECF 21).  Hansen now asks this Court to ignore his several violations of this Court's orders and the bankruptcy code, by filing a Motion to Dismiss.  The motion should be denied.

## PRAYER

17.  **WHEREFORE**, the Plaintiffs respectfully pray the Court deny the Defendants Motion to Dismiss, and render such other relief as this Court may deem just and proper. As set forth above, the facts show that this case should not be dismissed. It is so prayed.

DATED:  Wednesday, April 17, 2024.

Respectfully submitted by:

Robert W. Berleth, Attorney
Texas SBN: 24091860
SDOT #:  3062288
9950 Cypresswood Dr., Ste. 200
Houston, Texas 77070
E-mail: rberleth@berlethlaw.com
Tele: 713-588-6900
Fax: 713-481-0894

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing adversary Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

| | |
|---|---|
| COKINOS YOUNG<br>Craig E. Power<br>Reagan H. "Tres" Gibbs, III<br>Four Houston Center<br>1221 Lamar Street, 16th Floor<br>Houston, Texas  77010 | Counsel for Defendants<br>cpower@cokinoslaw.com<br>tgibbs@cokinoslaw.com<br><br><br><br>Via CM/ECF |
| Hughes Watters Askanase LLP<br>MS. Janet Casciato-Northrup<br>1201 Louisiana St Fl 28<br>Houston, TX 77002 | Chapter 7 Trustee<br>jsn@hwallp.com |
| Locke Lord LLP<br>Simon R. Mayer<br>600 Travis Street, Suite 2800<br>Houston, Texas  77002 | Counsel for Chapter 7 Trustee<br>Simon.Mayer@lockelord.com |
| US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002 | <br><br>via CM/ECF<br>U.S. TRUSTEE |

Respectfully submitted by:

_____
Robert W. Berleth,

ATTORNEY FOR PLAINTIFFS