United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-33770 |
| MICHAEL LYNN TILLER AND | § | |
| CAROLYN LOUISE TILLER, | § | CHAPTER 7 |
| | § | |
| Debtors. | § | |
| | § | |
| MICHAEL LYNN TILLER AND | § | |
| CAROLYN LOUISE TILLER, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3217 |
| | § | |
| MAXX SPORTS TECHNOLOGIES, LTD | § | |
| and | § | |
| BARRIE HANSEN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This matter is before the Court on the Motion to Dismiss Adversary Complaint (ECF No. 7) filed by the defendants and the Response in Opposition filed by the plaintiffs (ECF No. 59). The defendants are moving to dismiss all counts of the complaint pursuant to 11 U.S.C. § 542 for lack of standing. For the following reasons, the motion to dismiss is granted.

### FACTUAL BACKGROUND

This adversary proceeding was commenced on September 29, 2023 (ECF No. 1) (the "Complaint") by the debtor. The defendants are Maxx Sports Technologies, LTD ("Maxx") and Barrie Hansen. According to the Complaint, the defendants seized exempt assets of the plaintiffs, Michael Lynn Tiller and Carolyn Louise Tiller (the "Tillers"), failed to turnover assets, and violated the automatic stay in their efforts to execute against a judgment awarded against the Tillers to Maxx. The defendant Barrie Hansen was the court appointed receiver to execute the judgment.

The underlying basis of the litigation between the Tillers and Maxx was that Michael Tiller, entered into contracts with Maxx to purchase Texas Sports Network, Inc. d/b/a Texas Sports Regional Network. The parties' business relationship soured, and Maxx sued the Tillers in Texas state court,[1] where a judgement was awarded against the Tillers. The judgment was not appealed, and Maxx attempted to execute on the judgment with the assistance of the co-defendant, Barrie Hansen. It is the Tillers' position that Barrie Hansen and Maxx took exempt property, as well as non-exempt property, and committed violations of the automatic stay in their execution of the judgment.

## JURISDICTION

**STANDING UNDER 542**

In general, only the Chapter 7 trustee has independent standing to pursue Chapter 5 causes of action on behalf of the bankruptcy estate.[2] This is because "upon a filing of bankruptcy, title to the bankrupt's property vests in the trustee in bankruptcy. 'Property' includes the right to pursue causes of action formerly belonging to the debtor.[3]

Here, the Tillers are requesting turnover pursuant to 11 U.S.C. § 542. As these items are property of the estate, the cause of action belongs to the trustee, and not the Tillers. The trustee has filed a notice of assets in the underlying bankruptcy case.[4] The Tillers therefore have no standing to seek any relief from Maxx. The Court has already entered an order in this adversary

---

[1] Cause No. 2020-52379A, *Maxx Sports Technologies Ltd., v. Texas-Angels Trust, Michal Tiller a/k/a Lynn Michaels, Carolyn Tiler, Christopher Tiller*; In the 151st Judicial District Court, Harris County, Texas
[2] *In re Calvin*, 329 B.R. 589 (Bankr. S.D. Tex. 2005) *citing Wieburg v. GTE Southwest Inc.,* 272 F.3d 302 (5th Cir. 2001); *In re Caldwell*, Case No. 21-10784, 2021 WL 6067042 (Bankr. N.D. Ga. (Dec. 16, 2021)
[3] *Bryson v. Bank of New York*, 584 F. Supp. 1306 (S.D.N.Y. 1984) internal citations omitted).
[4] Case No. 23-33770, ECF No. 39.

that all items requested by the plaintiffs to be turned over, with the exception of the 2020 Nissan Altima, which was to be stored and made accessible to the Chapter 7 trustee.[5]

An exception to this general rule is if the trustee unjustifiably refuses to being the action against the defendant, the debtor obtains a leave of court to sue; and the debtor has a colorable claim.  The Tillers have not received the consent of the trustee, nor sought approval from the bankruptcy court for derivative standing, therefore, the Tillers lack standing to bring the cause of action under Section 542. The lack of standing deprives the court of subject matter jurisdiction.

**BARTON DOCTRINE**

The co-defendant in this case, Barrie Hansen, is a court appointed receiver in the underlying state court action.[6]  The Tillers' allegations regarding turnover of their property concern the actions taken by Barrie Hansen, as a receiver.  Although the defendants did not raise the issue in their answer,[7] the *Barton*[8] doctrine requiring leave of the court by which he was appointed as a receiver must first be obtained prior to suit brought against a receiver applies in this case.  Federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte.[9]

The *Barton* doctrine generally requires that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained."  There are two exceptions to the *Barton* doctrine: 1) when the receiver is operating a business from which a stranger to the bankruptcy process is harmed;[10] and 2) actions that are outside the scope of the receiver's official

---

[5] ECF No. 21.  The defendants also point to the transcript of the hearing at ECF No. 42, where the Court stated that Section 542 "is problematic for a debtor in a Chapter 7 case because 542 only talks about the trustee and not the debtor seeking turnover under 542."  ECF No. 42, page 120, lines 8-16.
[6] ECF No. 1; FN 1.
[7] ECF No. 47.
[8] *Barton v. Barbour*, 104 U.S. 126, 127 26 L.Ed. 672 (1881).
[9] Case No. 4:22-CV-03982 *Berleith v. Preferred Ready-Mix, LLC,* April 1, 2024, citing *Union Planters Bank Nat'l. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 1012, 140 L.Ed.2d 210 (1998)).
[10] 28 U.S.C. § 959(a).

duties.[11]  Neither of these exceptions apply in this case, and plaintiffs did not seek leave from Mr. Hansen's appointing court before filing this action.

**DISMISSAL OF CHAPTER 7 CASE**

Furthermore, the underlying bankruptcy case was dismissed on April 22, 2024. A bankruptcy court should generally dismiss related proceedings after the bankruptcy case has been closed.[12] A bankruptcy court's decision to retain jurisdiction over related proceedings after the bankruptcy case has been dismissed rests within the sound discretion of the bankruptcy court.[13] Considering the lack of subject matter jurisdiction, the Court dismisses this case.

## CONCLUSION

This Court has no subject matter jurisdiction to hear this suit.

**ACCORDINGLY, IT IS ORDERED** that this adversary is dismissed.

**IT IS FURTHER ORDERED** that this adversary is closed.

  SIGNED 04/22/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[11] *In re Foster*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023) (quoting *Matter of Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019), *cert. denied sub nom. Foster v. Aurzada*, 144 S.Ct. 332, 217 L.Ed.2d 173 (2023)).
[12] *In re Querner*, 7 F.3d 1199 (5th Cir. 1993).
[13] *In re Bass*, 171 F.3 1016 (5th Cir. 1999).